UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUTUMN EATON,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs*. | ) | 1:08-cv-01318-JMS-DML |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS and<br>PENDLETON JUVENILE CORRECTIONS FACILI-<br>TY,<br>    *Defendants.* | )<br>)<br>)<br>)<br>) | |

**ORDER**

On March 21, 2012, a jury trial in this action concluded with the jury finding that, by a preponderance of the evidence, Defendants Indiana Department of Corrections and Pendleton Juvenile Corrections Facility (collectively, the "IDOC") terminated Plaintiff Autumn Eaton because of her gender. [Dkt. 129.] The jury awarded Ms. Eaton $30,625 in compensatory damages and, on an advisory basis, $89,375 in back pay. [Dkt. 129 at 2.] Two of Ms. Eaton's post-trial requests are addressed herein: 1) her request that the Court reinstate her to her former position with the IDOC, and 2) her request that the Court adopt the advisory verdict of the jury and award her $89,375 in back pay.[1] [Dkts. 131; 133.]

**A) Reinstatement**

Ms. Eaton requests that the Court reinstate her to the correctional officer position she previously held with the IDOC. The IDOC opposes Ms. Eaton's request. [Dkt. 139.]

---

[1] Ms. Eaton has also filed a motion for attorneys' fees and costs, [dkt. 136], which is not addressed herein. After reviewing the parties' briefs on that motion, the Court requests that the Magistrate Judge confer with the parties in an effort to reach agreement about Ms. Eaton's request for attorneys' fees and costs.

- 1 -

An employee who proves that her employer has intentionally engaged in an unlawful employment practice may be reinstated to her former position. 42 U.S.C. § 2000e-5(g)(1). The Court has discretion with respect to this equitable remedy, but it must adequately explain the rationale for its decision. *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 861 (7th Cir. 2001). Determining whether or not to reinstate requires the Court to strike a delicate balance. *Id.* On one hand, reinstatement is the preferred remedy for victims of discrimination, and the Court should award it when doing so is feasible. *Id.* But on the other hand, the Court is not required to reinstate a successful plaintiff where the result would be a working relationship fraught with hostility and friction. *Id.* Reinstatement may be problematic when the plaintiff would be supervised by the same individuals who discriminated against her. *Id.* Additionally, a plaintiff who cannot perform her job cannot be reinstated. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 454 (7th Cir. 2011) ("Because he is totally disabled, [plaintiff] cannot be reinstated.").

The IDOC's main objection to Ms. Eaton being reinstated is that it believes that she made no effort to get her job back after she "quit." [Dkt. 139 at 2, 4-6.] Specifically, the IDOC argues that Ms. Eaton should have written a letter to the IDOC's superintendent, as multiple IDOC employees suggested, and that by failing to do so she "knowingly waived any right she may have had in regaining her job." [*Id.* at 2, 5.] The IDOC ignores, however, that the jury specifically found by a preponderance of the evidence presented at trial that Ms. Eaton was unlawfully terminated from her job because she is a woman. [Dkt. 129 at 1.] Because a non-advisory[2] jury's findings are binding, *see Price v. Marshall Erdman & Assocs., Inc.*, 966 F.3d 320, 324 (7th Cir. 1992) (emphasizing that the effect of a jury's finding of fact is "preclusive"), and the jury found

---

[2] Although the Court submitted an issue regarding back pay to the jury on an advisory basis and is not bound by the jury's determination on that issue, it is bound by jury's determination that Ms. Eaton was fired on because she is a woman in violation of Title VII. *Price*, 966 F.3d at 324.

that Ms. Eaton was fired for discriminatory reasons, she is eligible for reinstatement pursuant to 42 U.S.C. § 2000e-5(g)(1). The Court will now determine whether this equitable remedy is appropriate.

The correctional officer position requires walking, bending, standing, lifting, and the possibility of working in any unit. As the IDOC points out, Ms. Eaton testified at trial that at times, including on the day of her termination, she was physically unable to work the E-16 unit, [dkt. 139 at 8], and she does not deny this on reply.[3] Although the IDOC made some accommodations for Ms. Eaton when she worked there, she also incurred discipline due to her refusal to accept certain job assignments or mandatory overtime. The circumstances that led to Ms. Eaton's termination again began with her refusal to accept a particular assignment. The Court is concerned that this cycle of conflict will only be repeated, especially given that Ms. Eaton does not refute the IDOC's contention that at times she is unable to perform essential job duties.

The Court finds that as a general matter, it is certainly reasonable, and likely essential, for the IDOC to require its employees to be able to perform their assigned job duties at any assigned location. This interest is further heightened by the nature of the correctional officer position, which requires working with a juvenile offender population that can be violent and distasteful.[4] If an officer is unable to or refuses to perform her duties, the facility can be short-staffed and the safety of the other officers and the juvenile offenders is unacceptably compromised. It would be improper to place Ms. Eaton's desire to return to a job she is unable to perform above the needs of the IDOC to run its facility in a safe and secure manner. For these reasons, the Court **DENIES** Ms. Eaton's petition for reinstatement. [Dkt. 133.]

---

[3] Ms. Eaton abandoned her Americans with Disability Act claim during summary judgment briefing. [Dkts. 60 at 1; 67 at 7.]

[4] For example, multiple correctional officers, including Ms. Eaton, testified that they have had urine thrown on them by offenders.

**B) Back Pay**

Ms. Eaton requests that the Court adopt the jury's non-binding, advisory verdict that she be awarded $89,375 for back pay as a result of her unlawful termination. She argues that she was reasonably diligent in seeking employment but could not find comparable work. [Dkt. 132 at 2.]

The IDOC objects to Ms. Eaton's request, arguing that Ms. Eaton was "lackadaisical" about seeking alternate employment and that she failed to make an adequate effort to mitigate her damages.[5] [Dkt. 134.] Therefore, the IDOC requests that the jury's advisory verdict be "reduced." [*Id.* at 9.]

"The remedial purpose of Title VII is to place the victims where they would have been were it not for the unlawful discrimination." *Hutchison v. Amateur Elec. Supp., Inc.*, 42 F.3d 1037, 1045 (7th Cir.1994). Title VII authorizes the Court to order equitable relief as it deems appropriate, including back pay. 42 U.S.C. § 2000e-5(g)(1). The Court is not bound by the jury's advisory verdict, and it is free to make its own decision regarding this equitable remedy. *Price*, 966 F.3d at 324.

In order to recover back pay for the period following her discharge, a plaintiff must demonstrate that she "unsuccessfully sought suitable or comparable employment with reasonable diligence." *Payne v. Sec. Sav. & Loan Ass'n, F.A.*, 924 F.2d 109, 110-11 (7th Cir. 1991). Comparable work has been defined as "a position that affords the plaintiff virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status as the previous position." *Gaskins v. Vencor, Inc.*, 2001 WL 1385890 (S.D. Ind. 2001). A plaintiff who

---

[5] While the IDOC argues that Ms. Eaton should not receive back pay because she failed to make adequate efforts to get her job back after she "quit," [dkt. 134 at 2, 4], the Court has already rejected that argument in the context of Ms. Eaton's reinstatement request and will not address it further.

fails to take reasonably diligent steps to find comparable employment or whose search efforts "slow to a trickle" cannot recover damages past that point. *Payne*, 924 F.2d at 110. Moreover, a plaintiff cannot recover damages past the point where she would have worked for the defendant. *Chapin v. Fort-Rohr Motors, Inc.*, 2009 WL 89658, *3 (N.D. Ind. 2009).

After a plaintiff establishes the amount of damages that resulted from the defendant's conduct, the defendant has the burden to prove that the plaintiff failed to mitigate her damages or that the damages were less than what she claims. *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 817 (7th Cir. 1990). It is well settled that a plaintiff has a legal duty to mitigate damages by making a diligent effort to find reasonably comparable employment. *Savino v. C.P. Hall Co.*, 199 F.3d 925, 934 (7th Cir. 1999). To establish failure to mitigate as an affirmative defense, the defendant must show that: (1) the plaintiff failed to exercise reasonable diligence to mitigate her damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence. *Hutchison*, 42 F.3d at 1044. Although Plaintiff must seek comparable employment with reasonable diligence, she is not obliged to "go into another line of work, accept a demotion, or take a demeaning position" in order to mitigate her damages. *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1235 (7th Cir. 1986).

The Court agrees with the IDOC that the evidence leaves much to be desired about the diligence of Ms. Eaton's job search. Ultimately, however, the Court finds that based on the evidence presented at trial, it is not reasonable to assume that Ms. Eaton would have worked at the IDOC more than six months after her termination in March 2008, even absent the IDOC's discriminatory conduct. The evidence shows that Ms. Eaton had refused mandatory overtime on four occasions, was disciplined in January 2008 for excessive absenteeism, called in with an unexcused absence on a major holiday in violation of IDOC policy, and was physically unable to

work the E-16 unit both before and on the date of her termination. Moreover, Ms. Eaton received a "did not meet expectations" rating on her 2007 performance evaluation, with unsatisfactory ratings in categories indicating that she was not accepting of supervision, was not flexible, and was not performing her assigned duties with regards to the safety of other officers, offenders, and the public.

Given the steady decline of Ms. Eaton's performance and her admitted inability to perform certain assigned duties, the Court concludes that it is not reasonable to assume that she would have worked at the IDOC more than six months after her unlawful termination, even absent the IDOC's discriminatory conduct. Based on the evidence presented at trial, the Court concludes that Ms. Eaton was avoiding work locations and schedules that she found undesirable by refusing mandatory overtime and calling off when she did not want to work. Clearly the IDOC was unsatisfied with her performance, which is why Ms. Eaton received a "did not meet expectations" rating on her performance evaluation and was subject to a pre-deprivation hearing. In short, the longevity of her continued employment was in serious doubt. The Court finds it is unreasonable to assume that Ms. Eaton would have worked at the IDOC more than six months after her termination, even without the discriminatory conduct. She is not entitled to back pay past that date because doing so would result in an undeserved windfall. For these reasons, the Court awards Ms. Eaton **$12,384** of back pay ($2,064 of monthly wages and benefits x 6 months).

**C) Conclusion**

For the reasons explained herein, the Court **DENIES** Ms. Eaton's request for reinstatement, [dkt. 133], and awards her **$12,384** of back pay. After reviewing Ms. Eaton's motion for attorney's fees and costs, [dkt. 136], the Court requests that the Magistrate Judge confer with the

parties to see whether they can agree on a reasonable amount of fees that the IDOC should pay.

The Court reiterates that Ms. Eaton is the prevailing party in this litigation.

06/13/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

David M. Henn
HENN LAW FIRM P.C.
david.henn@hennlawonline.com

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com